IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RICKY BROWN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-131-KC |
| | § | |
| **AETNA LIFE INSURANCE** | § | |
| **COMPANY, ENERGY TRANSFER** | § | |
| **PARTNERS GP, L.P., and ENERGY** | § | |
| **TRANSFER PARTNERS GP, L.P.** | § | |
| **LONG TERM DISABILITY PLAN,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant Aetna's Motion to Strike, ECF No. 3, in the above-captioned case. For the reasons set forth below, Defendant Aetna's Motion is **GRANTED**.

### I.   BACKGROUND

On February 21, 2013, Plaintiff filed his Original Complaint in County Court at Law No. 5 in El Paso, Texas. Defs.' Notice of Removal Ex. 1 ("Plaintiff's Original Complaint"), ECF No. 1-1. In the Original Complaint, Plaintiff claimed that Defendants are liable under 29 U.S.C. § 1132(a)(1)(B) for denying Plaintiff benefits under an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 21-23. Plaintiff's Original Complaint included requests for extracontractual and punitive damages, as well as a demand for a jury trial. Pl.'s Original Compl. ¶¶ 25, 27-28, 31. On April 19, 2013, Defendants removed this case and invoked this Court's jurisdiction under 28 U.S.C. § 1331. Defs.' Notice of Removal, ECF No. 1.

1

Defendant Aetna then filed the instant Motion to Strike on May 8, 2013.  Def. Aetna's Mot., ECF No. 3.  In that Motion, Defendant Aetna challenges the availability of extracontractual and punitive damages for violations of 29 U.S.C. § 1132(a)(1)(B), as well as Plaintiff's right to a jury trial for claims brought under this provision.  Def. Aetna's Mot. 3-4.

On May 28, 2013, nearly three weeks after Defendant Aetna filed its Motion to Strike, Plaintiff filed an Amended Complaint.  Pl.'s Am. Compl., ECF No. 6.  This Amended Complaint retained Plaintiff's original claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), and raised three new claims for breach of fiduciary duty, failure to provide information regarding employee benefits, and equitable estoppel arising under different provisions of ERISA and federal common law.  *Id.* ¶¶ 27-40.

## II.   DISCUSSION

Defendant Aetna filed its Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure.  Def. Aetna's Mot. 1.  Plaintiff argues, however, that Rule 12(f) is "not the proper vehicle" by which to challenge the availability of extracontractual and punitive damages or a trial by jury.  Pl.'s Resp. ¶¶ 3-4, 9-10, ECF No. 4.  In this context, the Court observes that where district courts in the Fifth Circuit have found that a party's motion to strike under Rule 12(f) is "more akin to a motion to dismiss" under Rule 12(b)(6), such a motion has been construed to be a motion to dismiss.  *See Longman v. Physicians Res. Grp., Inc.*, CIV.A. 3:97-CV-3102, 2003 WL 22244675, at *3 n.6 (N.D. Tex. Sept. 30, 2003); *Goldman v. Hartford Life & Accident Ins. Co.*, CIV.A. 03-759, 2004 WL 1934986, at *1 (E.D. La. Aug. 31, 2004); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, CIV.A. 97-3012, 1999 WL 816503, at *1 (E.D. La. Oct. 12, 1999); *Commercial Union Ins. Co. v. Upjohn Co.*, 409 F. Supp. 453, 455 (W.D. La. 1976).

Therefore, this Court first examines whether Defendant Aetna's challenge to Plaintiff's

claims for damages should properly be considered under Rule 12(f) or construed to be a motion to dismiss under Rule 12(b)(6).  This Court then examines, similarly, whether Defendant's challenge to Plaintiff's jury demand must be considered under Rule 12(f) or should more properly be evaluated under another procedural rule.  With respect to both inquiries, this Court confines its analysis to Plaintiff's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), and does not address any aspects of the three new claims raised in Plaintiff's Amended Complaint.[1]  *See* Pl.'s Am. Compl. ¶¶ 31-40.  Nor does this Order address any motions filed by Defendants in this case subsequent to Defendant Aetna's Motion to Strike.  *See, e.g.*, Def. Energy Transfer's Mot., ECF No. 13.

### A.     Standard

#### 1.     Motion to strike under Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike under Rule 12(f) are generally disfavored, but a motion to strike a defense should be granted where the challenged defense is insufficient as a matter of law.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).  As for matters challenged as "redundant, immaterial, impertinent, or scandalous matter," a district court should not strike challenged

---

[1] Although the live pleading in this case, Plaintiff's Amended Complaint, was filed three weeks after Defendant Aetna's Motion to Strike, Defendant Aetna's Motion is not moot.  Because the challenged claims for extracontractual and punitive damages are retained in Plaintiff's Amended Complaint, as is Plaintiff's demand for a jury trial, all of the arguments raised in Defendant Aetna's Motion remain applicable to the current proceedings.  *Compare* Pl.'s Am. Compl. ¶¶ 42, 44-45, 48, *with* Pl.'s Original Compl. ¶¶ 25, 27-28, 31 *and* Def. Aetna's Mot. 3-4.  The Court, therefore, "may simply consider the motion as being addressed to the amended pleading . . . . To hold otherwise would be to exalt form over substance."  *See Davis v. Baylor Reg'l Med. Ctr. at Grapevine*, 3:11-CV-1350-L, 2013 WL 866173, at *1 (N.D. Tex. Mar. 8, 2013) (quoting C.A. Wright, A.R. Miller & M.K. Kane, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2010)).  Therefore, the Court considers the Motion as addressing the Amended Complaint.

allegations or pleadings simply because they "offend the sensibilities" of the objecting party. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)).  Such matters should be stricken, rather, only where they possess "no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)) (internal alterations omitted).  Where a challenged matter is "directly relevant to the controversy at issue" and is at least "minimally supported" by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f).  *Id.*

### 2. Motion to dismiss under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-*

*Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. Analysis

In its Motion to Strike, Defendant Aetna challenges Plaintiff's requests for extracontractual and punitive damages. Def. Aetna's Mot. 3-4. In Defendant Aetna's view, such damages are not available under 29 U.S.C. § 1132(a)(1)(B). *Id.* Similarly, Defendant Aetna argues that there is no right to a jury trial for such claims. *Id.* Rather than responding to the substance of these challenges, Plaintiff argues instead that these challenges are not properly raised in a motion to strike under Rule 12(f). Pl.'s Resp. ¶¶ 3-10. Plaintiff's position is based on the text of Rule 12(f), which by its own terms applies only to "an insufficient defense" or to "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

#### 1. Damages

As set forth in the Amended Complaint, Plaintiff seeks "punitive damages against Defendants for their willful, intentional, and malicious conduct, to the extent such damages are allowed by law." Pl.'s Am. Compl. ¶ 45. Plaintiff also seeks "extracontractual damages." *Id.* ¶ 44. In the context of ERISA, "extracontractual damages" constitute "[d]amages that would give a beneficiary more than he or she is entitled to receive under the strict terms of the plan." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 931 (5th Cir. 1999) (quoting *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992)).

### a. Rule 12(f) or Rule 12(b)(6)

In this Court's view, Plaintiff's claims for extracontractual and punitive damages are not properly challenged in a motion to strike under Rule 12(f). Logically, a request for damages cannot be "an insufficient defense." *See* Fed. R. Civ. P. 12(f). A "defense" is a means of defeating liability for an alleged injury, and under the Federal Rules of Civil Procedure can be raised only in a "responsive pleading" or "by motion." *See* Fed. R. Civ. P. 12(b); *Kaiser Aluminum*, 677 F.2d at 1057-58. Plaintiff's claims for damages, of course, identify the compensation sought for his alleged injuries, and were raised in Plaintiff's Original and Amended Complaints. *See* Pl.'s Am. Compl. ¶¶ 42, 44-45; Pl.'s Original Compl. ¶¶ 25, 27-28. Therefore, Plaintiff's claims cannot properly be challenged under this first component of Rule 12(f). *See* Fed. R. Civ. P. 12(f).

Similarly, Plaintiff's claims for damages are not "redundant, immaterial, impertinent, or scandalous matter." *See id.* The United States Court of Appeals for the Fifth Circuit has held that challenged matters are not "redundant, immaterial, impertinent, or scandalous" so long as they possess any "possible relation to the controversy." *See Coney*, 689 F.3d at 379 (citing *Augustus*, 306 F.2d at 868). In this Court's view, claims for damages will usually possess at least a "possible relation" to the same injuries from which the claimed damages are alleged to have arisen. *See id.* As a practical matter, therefore, Rule 12(f) would not appear to be the appropriate means for challenging claims of damages.

Besides the text of Rule 12(f) itself, as the United States Court of Appeals for the Ninth Circuit has held, there are two additional reasons that a claim for damages raised in a complaint should not be subject to a motion to strike under Rule 12(f). First, to conclude that certain "damages should be stricken from the complaint, because such damages are precluded as a

matter of law," would create "redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . . already serves such a purpose." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (citations and internal quotation marks omitted).  Second, "Rule 12(f) motions are reviewed for 'abuse of discretion,' whereas 12(b)(6) motions are reviewed de novo," which would allow a party to obtain a procedural advantage on appeal simply by filing an otherwise identical motion under a different label.  *See id.* (citations omitted).

Both of the *Whittlestone* rationales have persuasive force in this jurisdiction, because these same principles are also settled law in the Fifth Circuit.  In the Fifth Circuit, as in the Ninth, motions to dismiss under Rule 12(b)(6) are also frequently used to challenge the availability of certain categories of relief.  *See Boyd v. Driver*, 495 F. App'x 518, 524-25 (5th Cir. 2012) (considering whether claims for compensatory and punitive damages were "sufficient to survive a 12(b)(6) motion"); *United States v. Miss. Dep't of Pub. Safety*, 321 F.3d 495, 497-98 (5th Cir. 2003) (considering whether claims for damages and injunctive relief were properly dismissed under Rule 12(b)(6)).  In the Fifth Circuit, as in the Ninth, decisions made under Rule 12(b)(6) are reviewed de novo on appeal, whereas decisions made under Rule 12(f) are reviewed for abuse of discretion.  *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (holding that a decision to grant or uphold a motion to dismiss under Rule 12(b)(6) is reviewed de novo); *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (citing *McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980)) (holding that a decision to grant or uphold a motion to strike under Rule 12(f) is reviewed for abuse of discretion).

Accordingly, given that the basis for the Ninth Circuit's decision are also recognized in the Fifth Circuit, the Ninth Circuit's reasoning in *Whittlestone* is compelling.  *See Whittlestone*, 618 F.3d at 974.  Based on this reasoning and the plain text of Rule 12(f), this Court therefore

concludes that Plaintiff's claims for extracontractual and punitive damages are neither "insufficient defense[s]" nor matters that are "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). These claims for damages therefore cannot be challenged with a motion to strike under Rule 12(f).

### b. Availability of extracontractual and punitive damages

At the same time, the Federal Rules of Civil Procedure also provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The Court therefore will construe Defendant Aetna's Motion to be a motion to dismiss under Rule 12(b)(6), subject to all of the rules that ordinarily govern such motions. The same approach has been followed in other district courts in the Fifth Circuit. *See Goldman*, 2004 WL 1934986, at *1; *Longman*, 2003 WL 22244675, at *3 n.6; *Westside-Marrero Jeep Eagle*, 1999 WL 816503, at *1; *Commercial Union*, 409 F. Supp. at 455. Analyzing Defendant Aetna's Motion under Rule 12(b)(6), this Court concludes that the Motion must be granted as to Plaintiff's claims for extracontractual and punitive damages arising from the denial of benefits under 29 U.S.C. § 1132(a)(1)(B).

In *Nero*, the Fifth Circuit addressed 29 U.S.C. § 1132(a) as a whole and, in particular, a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). *See Nero*, 167 F.3d at 931. As the Fifth Circuit reasoned in that case, "ERISA's civil enforcement remedies were intended to be exclusive," and yet no provision of 29 U.S.C. § 1132(a) provides for extracontractual or punitive damages. *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)). The Fifth Circuit therefore concluded that "the statutory enforcement scheme Congress crafted" under 29 U.S.C. § 1132(a) does "not include a private remedy for extracontractual and punitive damages." *See Nero*, 167 F.3d at 931 (quoting *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32-33 (5th Cir. 1993)). Accordingly, claims for punitive and extracontractual damages brought under 29 U.S.C.

§ 1132(a)(1)(B) should be dismissed when challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Sorensen v. FedEx Kinko's Office & Print Servs., Inc.*, CIV.A. SA06CA416-FB, 2006 WL 3779783, at *3 (W.D. Tex. Oct. 19, 2006); *Gates v. Hartford Life Grp. Ins. Co.*, CIVA H-06-1835, 2006 WL 2981191, at *4 (S.D. Tex. Oct. 16, 2006); *Bernstein v. Citigroup Inc.*, 3:06-CV-209 M, 2006 WL 2329385, at *9 (N.D. Tex. July 5, 2006).

Since ERISA provides no "private remedy for extracontractual and punitive damages" for the denial of benefits under 29 U.S.C. § 1132(a)(1)(B), this Court therefore cannot award Plaintiff such damages under this provision.  *See Nero*, 167 F.3d at 931 (citing *Medina*, 983 F.2d at 32-33).  The Court therefore finds that Defendant Aetna's Motion must be granted as to these claims for damages.  *See Calhoun*, 312 F.3d at 733; *Collins*, 224 F.3d at 498.

> **2.      Demand for a jury trial**

In contrast to motions challenging claims for damages, motions challenging the legitimacy of a jury demand are frequently identified as "motions to strike."  *See Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 335 (5th Cir. 2012); *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 F. App'x 322, 324 (5th Cir. 2011); *U.S. Bank Nat. Ass'n v. Verizon Commc'ns. Inc.*, 892 F. Supp. 2d 805, 812 (N.D. Tex. 2012).  Such motions, however, have only rarely been associated with Rule 12(f) in the Fifth Circuit.  *See Wesleyan Corp. v. U.S. Postal Serv.*, 178 F. App'x 342, 343 n.2 (5th Cir. 2006) (affirming a denial of a jury trial and analyzing Rule 12(f) in conjunction with Rule 39(a)); *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008).  It is arguable that a motion to strike a jury demand is more appropriately made under Rule 39(a)(2), which provides that the district court "on motion or on its own" may "find[]" that some or all issues in a case do not support a federal right to a jury trial.  *See* Fed. R. Civ. P. 39(a)(2).

9

In the Court's view, however, there is little need in this case to determine precisely which Rule of the Federal Rules of Civil Procedure permits a party to challenge a jury demand. The principal concern raised in *Whittlestone* regarding the standard of appellate review has much less importance in this context. *See Whittlestone*, 618 F.3d at 974. That is, the law in the Fifth Circuit is clear that the grant or denial of a jury demand is "a pure question of law" that should be reviewed de novo by an appellate court. *See City of El Paso, Tex. v. El Paso Entm't, Inc.*, 464 F. App'x 366, 370 (5th Cir. 2012); *Apache Corp.*, 435 F. App'x at 324. Therefore, in considering Defendant Aetna's challenge of Plaintiff's jury demand, this Court need not decide whether Defendant Aetna's Motion is properly viewed as a motion under Rule 12(f), Rule 39(a)(2), or another rule, or consider what the potential consequences of this decision might be on appeal. This Court need only assess as "a pure question of law" whether a jury trial is available for the claim under 29 U.S.C. § 1132(a)(1)(B) that has been raised in Plaintiff's Original and Amended Complaint. *See City of El Paso*, 464 F. App'x at 370; *Apache Corp.*, 435 F. App'x at 324.

In the Fifth Circuit, Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) is not attended by the right to a trial by jury because such a claim sounds in equity and seeks equitable relief. *See Koehler v. Aetna Health Inc.*, 683 F.3d 182, 191 n.19 (5th Cir. 2012) (citing *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980)); *Graham v. Metro. Life Ins. Co.*, 349 F. App'x 957, 960 (5th Cir. 2009) (citing *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994)). Accordingly, as other district courts have also done in such cases, this Court strikes Plaintiff's jury demand as it relates to his claim under 29 U.S.C. § 1132(a)(1)(B). *See N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 316-17 (S.D. Tex. 2011); *Odom v. Am. Nonwovens Corp.*, 1:08-CV-299-SA-JAD, 2010 WL 3782426, at *3 n.1 (N.D. Miss. Sept.

20, 2010); *Lain v. UNUM Life Ins. Co. of Am.*, 27 F. Supp. 2d 926, 935 (S.D. Tex. 1998).

The Court emphasizes, however, that it makes no decision regarding the availability of a jury trial for any of the three new claims raised in Plaintiff's Amended Complaint, or any other aspect of these three new claims.

### III. CONCLUSION

For the reasons set forth above, Defendant Aetna's Motion to Strike, ECF No. 3, is **GRANTED**.

**SO ORDERED**.

**SIGNED** this 8th day of July, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE