**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RICKY BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-131-KC** |
| | § | |
| **AETNA LIFE INSURANCE** | § | |
| **COMPANY, ENERGY TRANSFER** | § | |
| **PARTNERS GP, L.P., and ENERGY** | § | |
| **TRANSFER PARTNERS GP, L.P.** | § | |
| **LONG TERM DISABILITY PLAN,** | § | |
| | § | |
| **Defendants**. | § | |

## ORDER

On this day, the Court considered Defendant Aetna Life Insurance Company's Motion and Brief in Support of its Motion to Dismiss for Failure to State a Claim for Relief (FRCP 12(b)(6)), and, In the Alternative, Motion to Strike (FRCP 12(f)) ("Aetna's Motion"), ECF No. 12, as well as Defendant Energy Transfer Partners GP, L.P.'s and Defendant Energy Partners GP, L.P. Long Term Disability Plan's Motion to Dismiss for Failure to State a Claim and Motion to Strike ("Energy Defendants' Motion"), ECF No. 13, in the above-captioned case (the "Case"). For the reasons set forth below, Aetna's Motion is **GRANTED** in part and **DENIED** in part. Likewise, Energy Defendants' Motion is **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

### A.    Procedural History

On February 21, 2013, Plaintiff filed his Original Complaint in County Court at Law No. 5 in El Paso, Texas.  Defs.' Notice of Removal Ex. 1 ("Plaintiff's Original Complaint"), ECF No. 1-1.  In the Original Complaint, Plaintiff claimed that Defendants are liable under 29 U.S.C.

1

§ 1132(a)(1)(B) for denying Plaintiff benefits under an employee benefit plan (the "Plan")

governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461

("ERISA").  Pl.'s Original Compl. ¶¶ 21-23.  Plaintiff's Original Complaint included requests for

extracontractual and punitive damages, as well as a demand for a jury trial. *Id.* ¶¶ 25, 27-28, 31.

On April 19, 2013, Defendant Energy Transfer Partners GP, L.P. ("Energy") and Defendant

Energy Partners GP, L.P. Long Term Disability Plan ("Energy Plan") (collectively, "Energy

Defendants") removed the Case and invoked this Court's jurisdiction under 28 U.S.C. § 1331.

Defs.' Notice of Removal, ECF No. 1.

Defendant Aetna Life Insurance Company ("Aetna") then filed its Motion to Strike on

May 8, 2013. [Aetna's] Motion and Brief in Support of its Motion to Strike (FRCP 12(f)), ECF

No. 3 (the "Motion to Strike").  In the Motion to Strike, Aetna challenged the availability of

extracontractual and punitive damages for violations of 29 U.S.C. § 1132(a)(1)(B), as well as

Plaintiff's right to a jury trial for claims brought under this provision.  *Id.* at 3-4.

On May 28, 2013, nearly three weeks after Aetna filed the Motion to Strike, but before

the Court had an opportunity to rule on it, Plaintiff filed an Amended Complaint.  Pl.'s Am.

Compl., ECF No. 6.  The Amended Complaint retains Plaintiff's original claim for denial of

benefits under 29 U.S.C. § 1132(a)(1)(B) ("Count I"), and raises three new claims under various

provisions of ERISA and federal common law. *Id.* ¶¶ 27-40. The first new claim ("Count II")

alleges that Defendants failed to comply with ERISA's disclosure obligations set forth in 29

U.S.C. §§ 1132(c), 1022(a), and 1024(b). Pl.'s Am. Compl. ¶¶ 31-33. The second ("Count III")

alleges that Defendants breached their fiduciary duties to Plaintiff under 29 U.S.C. §§

1104(a)(1), 1132(a)(3), and 1109(a).  Pl.'s Am. Compl. ¶¶ 34-38.  The third new claim ("Count

IV") alleges that principles of federal common law estoppel and equity preclude Defendants

from denying Plaintiff past and future disability benefits. Pl.'s Am. Compl. ¶¶ 39-40.

On June 26, 2013, Aetna filed Aetna's Motion in the Case. Aetna's Motion seeks to dismiss Counts II-IV against Aetna pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which the Court may grant relief. Aetna's Mot. 1. Aetna's Motion does not seek to dismiss Count I under Rule 12(b)(6). *See id*. Aetna's Motion also seeks to strike from the Amended Complaint Plaintiff's request for extracontractual and punitive damages, as well as Plaintiff's request for a jury trial. *Id*.

On the same day, Energy Defendants filed Energy Defendants' Motion. Like Aetna's Motion, Energy Defendants' Motion seeks to dismiss Counts II-IV, but not Count I, against Energy Defendants pursuant to Rule 12(b)(6). Energy Defendants' Mot. 1-2. Energy Defendants also seek to strike Plaintiff's claims for extracontractual and punitive damages and request for a jury trial. *Id*. at 2.

The Court granted the Motion to Strike on July 8, 2013. Order, ECF No. 14 ("Motion to Strike Order"). In granting the Motion to Strike, the Court "confine[d] its analysis to Plaintiff's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), and d[id] not address any aspects of the three new claims raised in Plaintiff's Amended Complaint." Mot. to Strike Order  3, 11. In other words, the Court only ruled that Plaintiff could not seek extracontractual or punitive damages or obtain a jury trial pursuant to Count I.

Plaintiff filed a response opposing both Aetna's Motion and Energy Defendants' Motion on July 16, 2013. Plaintiff's Response in Opposition to Defendants' Motions to Dismiss For Failure to State A Claim Or Alternative Motions to Strike (Docs. 12, 13), Or Alternative Motion for Leave to Amend (the "Response"), ECF No. 17. Additionally and alternatively, the Response seeks leave to further amend the Amended Complaint in the event that the Court deems any of

3

Counts II-IV vulnerable to a motion to dismiss. *Id.* at 9.

Energy Defendants filed a Reply to the Response on July 23, 2013. [Energy Defendants']
Reply in Support of [Energy Defendants' Motion] (the "Reply"), ECF No. 19.[1] The docket does
not reflect that Aetna has filed a similar reply in the Case.

This Order represents the Court's ruling on those issues left open by the Motion to Strike
Order; namely, (1) whether to dismiss any or all of Counts II-IV against Aetna, Energy
Defendants, or both for failure to state a claim on which relief may be granted; (2) whether
extracontractual or punitive damages are available for any of Counts II-IV; and (3) whether
Plaintiff is entitled to a jury trial on any of Counts II-IV against any Defendant.

## B.     Factual Background

Plaintiff alleges the following relevant facts, which the Court assumes to be true for the
purposes of this Order:

At all times relevant to this lawsuit, Energy Defendants maintained and Aetna
underwrote the Plan for the benefit of Energy's employees. Pl.'s Am. Compl. ¶ 8. The Plan is
covered by ERISA. *Id.*. Both Energy Defendants and Aetna at all relevant times participated in
and/or exercised control over the administration and management of the Plan. *Id.*; *id.* Ex. A, ECF
No. 6-1.

Plaintiff previously worked as a truck driver for Energy. *Id.* ¶ 6. On or about April 29,
2009, Plaintiff was injured at work while acting within the scope of his employment. *Id.* This

---

[1] In the Reply, Energy Defendants request that the Court "grant Energy [Defendants'] Motion as
unopposed" on the grounds that Plaintiff did not file the Response within the fourteen day period
to file a response to a dispositive motion established by Local Rule CV-7(e)(2). Reply 2 n.1. The
Court declines to summarily grant Energy Defendants' Motion, and thereby deprive Plaintiff of
his day in court, without first considering the sufficiency of the Amended Complaint. *See* Local
Rule CV-7(e)(2) ("If there is no response filed within the time period prescribed by this rule, the
court *may* grant the motion as unopposed." (emphasis added)).

injury rendered Plaintiff totally disabled and unable to keep gainful employment. *Id*. ¶ 7. Plaintiff's physicians, as well as the Department of Veterans Affairs (the "Department"), concurred that Plaintiff was totally and permanently disabled and therefore unemployable. *Id*. ¶¶ 7, 13.

 As a result of his disability, Plaintiff was entitled to receive monthly benefits under the Plan, *id*. ¶ 9, and Defendants initially approved Plaintiff for such benefits, *id*. ¶ 10.  However, on or about July 28, 2011, Defendants terminated Plaintiff's claim for benefits, claiming that Plaintiff had failed to submit documentation sufficient to establish a continuing disability. *Id*. ¶¶ 11, 13. Defendants did so even though the Department and Plaintiff's physicians concluded that Plaintiff was totally and permanently disabled and unable to work. *Id*.  Defendants' actions amount to an intentional refusal, without any reasonable basis, to provide Plaintiff the benefits to which he was entitled under the Plan. *Id*. ¶¶ 11-20, 45. Also, prior to rejecting Plaintiff's claim for benefits, Defendants actively misrepresented to Plaintiff that he would be entitled to the benefits to which he was ultimately denied. *Id*. ¶¶ 12, 21, 45.

 Defendants' actions have damaged Plaintiff by denying him the benefits to which he is entitled. *Id*. ¶¶ 14, 22. Defendants have further caused Plaintiff loss of income, financial despair, damage to credit and reputation, stress, frustration, anxiety, anger, and mental anguish. *Id*. ¶¶ 14, 22, 44.

 Plaintiff has exhausted all administrative remedies under the Plan except where exhaustion of remedies is not required or where pursuit of administrative remedies would be futile. *Id*. ¶ 25. Plaintiff has likewise satisfied all conditions precedent necessary to bring Counts I-IV. *Id*.

## II.      DISCUSSION

### A.      Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *accord Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. U.S. Unwired, Inc.*, 565

F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428, F.3d 559, 570 (5th Cir. 2005)).

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498 (citing Fed. R. Civ. P. 12(b)(6)). However, the Fifth Circuit has "note[d] approvingly" that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### B.     Motion to Dismiss

Although Aetna and Energy Defendants offer different reasons in support of their respective Motions, the relief they request is the same: Aetna's Motion and Energy Defendants' Motion seek to dismiss Counts II-IV, strike Plaintiff's request for extracontractual and punitive damages as to all Counts, and strike Plaintiff's demand for a jury trial as to all Counts. The Court first addresses which, if any, of Counts II-IV should be dismissed for failure to state a claim upon which relief can be granted, and against which Defendants. The Court then discusses whether a jury trial or extracontractual or punitive damages are available for the surviving Counts, if any.

In ruling on Aetna's Motion and Energy Defendants' Motion, the Court considers the factual matter alleged in the Amended Complaint and the exhibit attached to the Amended Complaint marked "Additional Information Provided by [Energy]," ECF No. 6-1. *See Collins*, 224 F.3d at 498 (citing Fed. R. Civ. P. 12(b)(6)). The Court also considers the copy of the Plan attached to Aetna's Motion, ECF No. 12-1, at 3-64, because Plaintiff references the Plan in the

Amended Complaint, Pl.'s Am. Compl. ¶¶ 8-22, and Plaintiff does not contest that Aetna's

exhibit represents a true and accurate copy of the Plan, *see* Resp. *See Collins*, 224 F.3d at 498-99

(quoting *Venture Assocs. Corp.*, 987 F.2d at 431.  By contrast, the Court does not consider the

exhibits that Plaintiff attached to the Response, *see* ECF Nos 17-1-3, as these documents were

not attached to the Amended Complaint, and Energy Defendants object to their inclusion, *see*

Reply 2.[2] *E.g.*, *Jallali v. Nova S.E. Univ.*, 486 F. App'x 765, 767 (11th Cir. 2012) ("[A] party

cannot amend a complaint by attaching documents to a response to a motion to dismiss.") (citing

*Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)).

### 1.      Challenges to Count II - Disclosure violations under ERISA

Count II alleges that Defendants failed to satisfy the disclosure requirements established

by ERISA. Pl.'s Am. Compl. ¶¶ 31-33.  Aetna argues that only a plan "administrator" may be

found liable for violations of 29 U.S.C. §§ 1132(c)(1), 1022(a), and 1024(b), and that Energy,

rather than Aetna, is the administrator of the Plan as that term is defined in 29 U.S.C. §

1002(16)(A).[3] Aetna's Mot. 5-6. Aetna's Motion does not directly challenge the factual

sufficiency of Count II as against Aetna; Aetna only argues that Count II is unavailable against

Aetna as a matter of law. *Id*. In contrast to Aetna, Energy Defendants argue not that they are an

improper defendant for the purposes of Count II, but that Plaintiff has failed to allege sufficient

factual matter to establish a claim for relief under Count II against Energy Defendants. Energy

---

[2] That said, the Court grants Plaintiff leave to further amend the Amended Complaint for the reasons listed below. Plaintiff is not necessarily barred from attaching these or other new documents to any future pleading.

[3] For the purposes of ERISA, the administrator of the plan is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). "[I]f an administrator is not so designated, the plan sponsor" is the administrator. *Id*. § 1002(16)(A)(ii). "[I]n the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified," the administrator is "such other person as the Secretary may by regulation prescribe." *Id*. § 1002(16)(A)(iii).

Defendants' Mot. 2-3.

### a.  Disclosure obligations under ERISA

ERISA imposes several disclosure obligations upon administrators of employee benefit plans. *See*, *e.g.*, 29 U.S.C. §§ 1132(c)(1), 1022(a), 1024(b). Congress enacted these provisions "to ensure that 'the individual participant knows exactly where he [or she] stands with respect to the plan.'" *Newell ex rel. Snow v. Aetna Life Ins. Co.*, No. CIV.A. 302-CV-0475M, 2002 WL 1840925, at *3 (N.D. Tex. Aug. 8, 2002) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989)). Two sets of ERISA disclosure requirements are relevant here. The first, 29 U.S.C. § 1132(c)(1), requires the plan administrator to, among other things, timely comply with a participant or beneficiary's request for certain specified types of information.[4] If the administrator does not provide the requested information "within 30 days after such request," the administrator "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1). In turn, 29 U.S.C. § 1132(a)(1)(A) affords a plan participant or beneficiary a private cause of action

---

[4] Section 1132(c)(1) provides in full:

> Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title or section 1021(f), or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

for the relief provided in 29 U.S.C. § 1132(c).[5]

The second set of disclosure requirements, set forth in 29 U.S.C. §§ 1022(a) and 1024(b), requires the administrator to provide a summary plan description to the participant or beneficiary that contains the information described in 29 U.S.C. § 1022(b).[6] 29 U.S.C. §§ 1022(a), 1024(b). If the plan is subsequently modified, the administrator must also provide the participant or beneficiary a summary of any material modification in the terms of the plan. *Id.* §§ 1022(a); 1024(b). The summary must "be written in a manner calculated to be understood by the average plan participant" and "be sufficiently accurate and comprehensive to reasonably apprise such

---

[5] For ease, the Court refers to this portion of Count II as a § 1132(c)(1) claim rather than a § 1132(a)(1)(A) claim because the elements of civil action are set forth in § 1132(c)(1).

[6] Section 1022(b) provides in full:

The summary plan description shall contain the following information: The name and type of administration of the plan; in the case of a group health plan (as defined in section 1191b(a)(1) of this title), whether a health insurance issuer (as defined in section 1191b(b)(2) of this title) is responsible for the financing or administration (including payment of claims) of the plan and (if so) the name and address of such issuer; the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; the name and address of the administrator; names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be followed in presenting claims for benefits under the plan including the office at the Department of Labor through which participants and beneficiaries may seek assistance or information regarding their rights under this chapter and the Health Insurance Portability and Accountability Act of 1996 with respect to health benefits that are offered through a group health plan (as defined in section 1191b(a)(1) of this title), the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 1133 of this title), and if the employer so elects for purposes of complying with section 1181(f)(3)(B)(i) of this title, the model notice applicable to the State in which the participants and beneficiaries reside.

participants and beneficiaries of their rights and obligations under the plan." *Id*. § 1022(a).  *See generally CIGNA Corp. v. Amara*, --- U.S. ----, 131 S.Ct. 1866 (2011).

Whereas 29 U.S.C. § 1132(c)(1) requires the participant or beneficiary to affirmatively request the information before the administrator has a statutory duty to provide it, §§ 1022(a) and 1024(b) require the administrator to provide the summary plan description or modification whether or not one is requested. *Compare* 29 U.S.C. § 1022(a) ("A summary plan description . . . *shall be furnished* . . ." (emphasis added)), *and id*. § 1024(b)(1) ("The administrator *shall furnish* . . . a copy of the summary plan description, and all modifications and changes . . ." (emphasis added)) *with id*. § 1132(c)(1) ("Any administrator . . . *who fails or refuses to comply with a request* . . ." (emphasis added)). In other words, the duty to furnish information under §§ 1022(a) and 1024(b) is "automatic." *E.g.*, *Sampson v. Rubin*, No. Civ.A. 00-10215-DPW, 2002 WL 31432701, at *8 (D. Mass. Oct. 29, 2002) (citing *Meyer v. Phillip Morris, Inc.*, 575 F. Supp. 1232, 1235 (E.D. Mo. 1983) ("*Meyer II*")). That said, if a participant or beneficiary *does* request the latest updated summary or certain other materials under § 1024(b)(4), the administrator must provide it. *E.g.*, *Segura v. Dr. Reddy's Labs., Inc.*, Civil Action No. 11–6188 (MLC), 2012 WL 6772060, at *10 (D.N.J. Dec. 21, 2012).

### b.    Aetna's arguments

Aetna argues that it cannot be found liable under Count II because it is not the named administrator of the Plan. Aetna's Mot. 5-6. However, the Fifth Circuit has suggested in dicta that, where a plan names a plan administrator, an entity other than the named administrator may nonetheless be held liable as a de facto administrator where the plan delegates the administrator's

duties to that entity.[7] *See Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990).

Moreover, when another district court in the Fifth Circuit adopted the de facto administrator

doctrine, the Fifth Circuit summarily affirmed that decision. *Lawrence v. Jackson Mack Sales*,

837 F. Supp. 771, 790 (S.D. Miss. 1992), *aff'd*, 42 F.3d 642 (5th Cir. 1994). Additionally, at

least two other federal courts of appeal agree that an entity may be deemed a de facto

administrator under ERISA, although other courts disagree. *See, e.g.*, *Rosen v. TRW, Inc.*, 979

F.2d 191, 193-94 (11th Cir. 1992) ("[W]e hold that if a company is administrating the plan, then

it can be held liable for ERISA violations, regardless of the provisions of the plan document.");

*Law v. Ernst & Young*, 956 F.2d 364, 372-73 (1st Cir. 1992). *But see, e.g.*, *McKinsey v. Sentry

Ins.*, 986 F.2d 401, 404-05 (10th Cir. 1993) (rejecting argument that entity can be de facto

administrator); *cf. Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 300 (9th Cir. 1989) (expressing

reluctance to hold entities other than the named plan administrator liable for statutory violations).

The weight of authority indicates that Aetna may be found liable for violations of 29

U.S.C. §§ 1132, 1022(a), and 1024(b). The Amended Complaint and the documents appended

thereto plausibly suggest that Energy may have delegated administrative authority and duties to

Aetna. The Amended Complaint alleges that Aetna "at all relevant times participated in and/or

exercised control over the administration and management of" the Plan. Pl.'s Am. Compl. ¶ 8. A

document attached to the Amended Complaint with the caption "Additional Information

Provided by [Energy]" also states that "*Aetna is acting on behalf of your Plan Administrator* who

remains responsible for complying with the ERISA reporting rules and regulations on a timely

---

[7] *Accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 782 F. Supp. 2d 294, 307-08
(S.D. Tex. 2011). *Cf. Godwin v. Sun Life Assurance Co. of Can.*, 980 F.2d 323, 326-27 (5th Cir.
1992) (likewise noting but declining to resolve the issue). *But see Thomas v. Reliance Standard
Life Ins. Co.*, No. 97-30368, 1998 WL 30108, at *4 (5th Cir. Jan. 15, 1998) (unpublished,
nonprecedential opinion).

and accurate basis." *Id.* Ex. A, ECF. No. 6-1 (emphasis added). Thus, Plaintiff has alleged

sufficient facts to support a claim that Aetna acted as a de facto administrator of the Plan.

Because the question of whether Aetna "is [a] plan administrator for purposes of [ERISA] is best

resolved after discovery and on a motion for summary judgment, not at the 12(b)(6) motion to

dismiss stage," the court declines to dismiss Count II as against Aetna. *See N. Cypress*, 782 F.

Supp. 2d at 308; *accord Moore v. Acme Corrugated Box Co.*, No. Civ.A. 97-2150, 1997 WL

535906, *3-4 (E.D. Pa. 1997).

### c.    Energy Defendants' arguments

To evaluate Energy Defendants' Motion that the Court should dismiss Count II against

them, the Court must disaggregate Plaintiff's § 1132(c)(1) claim from his claim under §§ 1022(a)

and 1024(b).

### i.    Plaintiff's 29 U.S.C. § 1132(c)(1) claim

As stated above, liability under 29 U.S.C. § 1132(c)(1) may only lie where the plaintiff

has submitted an affirmative request with which the defendant has failed to timely comply. *See*,

*e.g.*, *Firestone*, 489 U.S. at 118. Energy Defendants argue that Count II must be dismissed

because the Amended Complaint does not describe "what documents [Plaintiff] requested, to

whom he sent his request, when he sent his request, what documents he did not receive in

response to his request, when he received any other type of response, and from whom he

received such a response," but instead merely includes a conclusory statement that some request

was made. Energy Defendants' Mot. ¶ 32. This, Energy Defendants argue, amounts to an

impermissible "threadbare recital of the elements of [the] cause of action." *Id.* (quoting *Iqbal*,

556 U.S. at 678-79; *Twombly*, 550 U.S. at 570).

The Court concludes that the factual matter alleged in the Amended Complaint is

insufficient to support Plaintiff's 29 U.S.C. § 1132(c)(1) claim against Energy Defendants. The Amended Complaint includes no factual matter regarding Plaintiff's § 1132(c)(1) request other than "Defendants failed and refused to comply with Plaintiff's requests for information relative to [the Plan], which Defendants were required to furnish to Plaintiff under applicable law; and Defendants continued to fail and refuse to provide such information as requested until suit was filed[.]" Pl.'s Am. Compl. ¶ 32. Although this sufficiently pleads that (1) Plaintiff made a request for information at some point in time; (2) the information requested was the sort that ERISA requires an administrator to supply upon request; and (3) Defendants did not comply with the request until some time after Plaintiff filed his Original Complaint, a 29 U.S.C. § 1132(c)(1) cause of action also contains the additional element that the administrator failed to provide the requested information "*within 30 days after such request*." (emphasis added). In other words, § 1132(c)(1) contains a temporal element. Indeed, at least one court has gone so far as to hold that a 29 U.S.C. § 1132(c)(1) plaintiff may only survive a 12(b)(6) motion to dismiss if he or she "plead[s] factual allegations as to the specific dates he [or she] requested the plan documents." *González-Ríos v. Hewlett Packard P.R. Co.*, 899 F. Supp. 2d 155, 165-66 (D.P.R. 2012). While this Court finds such a requirement too demanding at the motion to dismiss stage, the Court does conclude that more detailed allegations are required than those present in the Amended Complaint.  Without an approximation of the dates of Plaintiff's request(s), the approximate dates or any allegations whatsoever of Defendants' eventual compliance, or even the temporal relationship between the request and the compliance, the Court is unable to evaluate whether Plaintiff can satisfy every element of his § 1132(c)(1) claim, including the thirty day deadline. Count II against Energy Defendants must therefore be dismissed insofar as it requests relief pursuant to 29 U.S.C. § 1132(c)(1).

That said, "[t]he Fifth Circuit has held that a court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," unless amendment would necessarily be futile. *Adams v. Energizer Holdings, Inc.*, Civil Action No. 3:12CV797TSL–JMR, 2013 WL 1791373, at *4 (S.D. Miss. Apr. 19, 2013) ("*Energizer*") (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)). As noted above, Plaintiff has moved in the alternative for an opportunity to amend and replead his claims "in the event the Court concludes that Plaintiff's claims against Defendants are vulnerable to a Rule 12(b)(6) (or equivalent) motion to dismiss." Resp. 9. Such an amendment would not be futile here, as Plaintiff need only add factual matter demonstrating that Defendants failed to comply within thirty days to allow the Court to cure the defect in his § 1132(c)(1) claim.

Therefore, Plaintiff is granted leave to further amend the Amended Complaint. Plaintiff need not necessarily plead the full panoply of information demanded by Energy Defendants' Motion, but Plaintiff must at least provide information sufficient for the Court to assess whether Plaintiff can meet all elements of the cause of action.

### ii.    Plaintiff's §§ 1022(a) and 1024(b) claims

By contrast, insofar as Count II requests relief under 29 U.S.C. §§ 1022(a) and 1024(b), the Amended Complaint is sufficient and Energy Defendants' Motion must be denied. To reiterate, these disclosure obligations trigger automatically without the need for the participant or beneficiary to submit a request. *E.g.*, *Sampson v. Rubin*, 2002 WL 31432701, at *8 (citing *Meyer II*, 575 F. Supp. at 1235). Furthermore, because the summary must "be written in a manner calculated to be understood by the average plan participant" and "be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan," 29 U.S.C.. § 1022(a), an administrator may submit a putative

15

summary and still fail to fully comply with 29 U.S.C. §§ 1022(a) and 1024(b). *See*, *e.g.*, *Haymond v. Eighth Dist. Elec. Benefit Fund*, 36 F. App'x 369, 373 (10th Cir. 2002).

The Amended Complaint alleges that Energy Defendants never provided an accurate, comprehensive, and comprehensible summary of the Plan. *See* Pl.'s Am. Compl. ¶ 33. That is all Plaintiff needs to allege to survive a motion to dismiss. *See D'Iorio v. Winebow, Inc.*, 920 F. Supp. 2d 313, 324-25 (E.D.N.Y. 2013).

Energy Defendants argue that "Plaintiff's allegations show that he did have the 'Summary Plan Description and other written documentation' because he alleges he relied on such documents for his belief that he was entitled to benefits." Energy Defendants' Mot. 3. To be sure, the Amended Complaint alleges that "[t]hrough words and conduct, *and/or through the Summary Plan Description* and other written documents, Plaintiff was led to believe that he would be entitled to benefits[.]" Pl.'s Am. Compl. ¶ 12 (emphasis added). However, Plaintiff's allegation is not necessarily that Energy Defendants failed to send any summary at all, but that the summary was misleading and caused Plaintiff to incorrectly believe he would be entitled to benefits should he become disabled. *See* Pl.'s Am. Compl. ¶ 12. Because 29 U.S.C. §§ 1022(a) and 1024(b) require not only that the administrator provide a summary, but that it be accurate, comprehensive, and also easily understandable, Plaintiff's allegation that he received a summary is not fatal to his claim. *See*, *e.g.*, *Weaver Bros. Ins. Assocs., Inc. v. Braunstein*, Civil Action No. 11–5407, 2013 WL 1195529, at *7 (E.D. Pa. Mar. 25, 2013). Moreover, because 29 U.S.C. §§ 1022(a) and 1024(b) require the administrator to furnish a new summary when the plan terms materially change, Energy Defendants could still have violated the section if they sent Plaintiff an outdated summary or failed to timely send an updated summary following a material modification of the Plan. *See*, *e.g.*, *Moyle v. Liberty Mut. Ret. Benefit Plan*, No. 10cv2179–

16

GPC(MDD), 2013 WL 3316898, at *21-22 (S.D. Cal. July 1, 2013).  Finally, because the Court must view the facts in the light most favorable to Plaintiff, the Court refuses to assume that Energy Defendants fulfilled their disclosure obligations, as would be necessary if the Court accepted Energy Defendants' argument on this score. *See*, *e.g.*, *Calhoun*, 312 F.3d at 733.

Thus, insofar as Count II states a claim pursuant to 29 U.S.C. §§ 1022(a) and 1024(b), it withstands 12(b)(6) scrutiny. The Court denies Energy Defendants' Motion to that extent.

### 3.    Challenges to Count III – Breach of Fiduciary Duty Claims

Count III alleges that Defendants breached statutory duties that they owe under ERISA. Pl.'s Am. Compl. ¶¶ 31-33. Aetna and Energy Defendants both argue that Count III must be dismissed because it is duplicative of Count I and therefore barred.[8] Aetna's Mot. 6-7; Energy Defendants' Mot. 4-5.

29 U.S.C. § 1104(a)(1) is one of several statutory provisions that describes duties that fiduciaries owe under ERISA. *See*, *e.g.*, *Varity Corp. v. Howe*, 516 U.S. 489, 496-97 (1996). These include, inter alia, the duty to administer the plan "in accordance with the documents and instruments governing the plan," 29 U.S.C. § 1104(a)(1)(D), the duty to act solely in the interest of participants and beneficiaries, *id*. § 1104(a)(1), and the duty to act with care, skill, prudence, and diligence, *id*. § 1104(a)(1)(B). In turn, 29 U.S.C. § 1109 establishes a fiduciary's liability for breach of fiduciary duty.[9]

---

[8] Energy Defendants also argue that the Amended Complaint lacks sufficient factual allegations to state a claim for breach of fiduciary duty. Energy Defendants' Mot.  4. Because, for the reasons described below, Plaintiff is barred from bringing a breach of fiduciary duty claim as a matter of law, the Court need not assess the factual sufficiency of Count III.

[9] Specifically, 29 U.S.C. § 1109 provides:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the

29 U.S.C. § 1132(a) creates two causes of action predicated upon breach of fiduciary duty. *E.g.*, *Hughes v. Legion Ins. Co.*, Civil Action No. H-03-0993, 2007 WL 781951, at *4 (S.D. Tex. Mar. 12, 2007); *Adams v. Prudential Ins. Co. of Am.*, No. Civ.A. 05-2041, 2005 WL 2669550, at *1 (S.D. Tex. Oct. 19, 2005) ("*Prudential*"). The first, subsection (a)(2), permits a participant or beneficiary (among other parties) to obtain "appropriate relief" pursuant to 29 U.S.C. § 1109, discussed above. "Claims under section 1132(a)(2) must be brought against the plan itself," *Prudential.*, 2005 WL 2669550, at *1 (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)), and individual beneficiaries like Plaintiff can only bring a cause of action under § 1132(a)(2) in limited instances.[10]

The second, subsection (a)(3), "permits a plan beneficiary to bring a civil action to obtain 'other appropriate equitable relief' for ERISA violations," *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450 (5th Cir. 2013), including relief for breaches of fiduciary duty, *Varity*, 516 U.S. at 512, as long as the relief sought is of the type that would have typically been available in a traditional court of equity. *See generally Sereboff v. Mid Atlantic Med. Servs.*, 547 U.S. 356

---

plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

[10] "[A]lthough [29 U.S.C. § 1132(a)(2)] does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008). *See also Russell*, 473 U.S. 134, 139-148 (1985) (concluding that an individual beneficiary of a defined benefit plan has no private right of action against fiduciaries of that plan pursuant to § 1132(a)(2)).

As will become evident below, it is unnecessary to evaluate whether Plaintiff has satisfied these prerequisites here, or even whether Plaintiff's cause of action is predicated upon § 1132(a)(2) or (a)(3), because Count III must be dismissed as duplicative regardless.

18

(2006); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993).

Neither Aetna nor Energy Defendants dispute at this stage of the litigation that they are fiduciaries with respect to the Plan, or that they owe fiduciary duties to Plaintiff, or that Plaintiff's allegations implicate these fiduciary duties. *See* Aetna's Mot. 6-7; Energy Defendants' Mot. 4-5; Reply 3-5. *See also* 29 U.S.C. § 1002(21)(A) (describing circumstances under which a person is a fiduciary with respect to a plan); *Varity*, 516 U.S. at 498, 502-03, 506-07.

However, as all Defendants correctly argue, a plaintiff may pursue a breach of fiduciary duty claim under ERISA *only* when no other relief is available or adequate under the facts giving rise to the breach of fiduciary cause of action.. *Varity*, 516 U.S. at 515; *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (citing *Tolson v. Avondale Indus., Inc.*, No. CIV. A. 97–0896, 1997 WL 539919, at *7 (E.D. La. Aug. 29, 1997)). Where, as here, Plaintiff seeks relief under 29 U.S.C. § 1132(a)(1) – namely, subsections (a)(1)(A) in Count II[11] and (a)(1)(B) in Count I – Plaintiff is forbidden from also bringing a breach of fiduciary duty claim. *Tolson*, 141 F.3d at 610. This is true whether Plaintiff brings the breach of fiduciary claim under subsection (a)(2), *Rhorer v. Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 638-39 (5th Cir. 1999), *abrogated on other grounds by Amara*, --- U.S. ----, 131 S.Ct. 1866 (2011), or under (a)(3),[12] *Tolson*, 141 F.3d at 610. *Accord, e.g., Newell*, 2002 WL 1840925, at *2. Because Plaintiff's suit is, at bottom, a suit to recover plan benefits, *see* Pl.'s Am. Compl. ¶¶ 6-30, Plaintiff "may not

---

[11] *See supra* note 5.

[12] Nor can Plaintiff bring a breach of fiduciary claim under § 1132(a)(1)(B), because that subsection does not authorize such relief. *E.g., Khan v. Am. Int'l Grp., Inc.*, 654 F. Supp. 2d 617, 628 (S.D. Tex. 2009) (citing *Chacko v. Sabre, Inc.*, 473 F.3d 604, 609 (5th Cir. 2006)).

simultaneously maintain h[is] claim for breach of fiduciary duty."[13] *Rhorer*, 181 F.3d at 639 (citing *Tolson*, 141 F.3d at 610-11).

Plaintiff may or may not ultimately obtain the benefits he seeks in Count I, but that is irrelevant; "[t]he simple fact that" Plaintiff might not "prevail on his claim under section 1132(a)(1) does not make his alternative claim [for breach of fiduciary duty] viable." *Tolson*, 141 F.3d at 610. Thus, the Court must dismiss Count III as against all Defendants.

*Gearlds* and *Varity* are not to the contrary. In *Gearlds*, the Fifth Circuit stated that an ERISA plaintiff may bring a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) where the plaintiff plausibly alleges that the plan administrator made affirmative misrepresentations about the terms of the plan. 709 F.3d at 452 n.1. Likewise, in *Varity*, the Supreme Court held that where a plan administrator "significantly and deliberately misle[ads] the beneficiaries" about the terms of the plan, the beneficiaries may bring suit for breach of fiduciary duty. 516 U.S. at 492. Because Plaintiff, in addition to his denial of benefits claim, also alleges that Defendants "misrepresented to Plaintiff that he would be entitled to benefits under [the Plan] if he was found to be disabled," Pl.'s Am. Compl. ¶ 12; *see also id.* ¶ 21, *Gearlds* and *Varity* could arguably be read to afford Plaintiff a non-duplicative breach of fiduciary duty cause of action under § 1132(a)(2) or (a)(3). In other words, one might argue, Plaintiff raises a misrepresentation claim that is distinct from – and therefore not preempted by – his denial of benefits claim.

The fatal problem with this argument is that, unlike Plaintiff, the plaintiffs in *Gearlds* and *Varity* did not simultaneously raise a claim under another subsection of § 1132(a), such as a

---

[13] Because Plaintiff's suit is essentially a suit to recover benefits denied, the Court need not consider whether or not an ERISA plaintiff could bring both a breach of fiduciary duty claim under (a)(3) and a denial of benefits claim under (a)(1)(B) where each cause of action arises from wholly distinct facts that would render the breach of fiduciary duty claim nonduplicative.

denial of benefits claim under (a)(1)(B). *See Gearlds*, 709 F.3d at 450; *Varity*, 516 U.S. at 495.

In fact, the plaintiffs in *Varity* "could not proceed under [§ 1132(a)(1)] because they were no

longer members of the" plan at issue, and "could not proceed under [§ 1132(a)(2)] because that

provision . . . does not provide a remedy for individual beneficiaries[,]" so the *Varity* plaintiffs

had to "rely on [§ 1132(a)(3)] or . . . have no remedy at all." 516 U.S. at 515.  *Gearlds* and *Varity*

therefore only stand for the proposition that a misrepresentation claim *can form the basis* of a

breach of fiduciary duty claim. They do not entail that such a claim would not be preempted

where the plaintiff simultaneously pursues other relief under ERISA. To the contrary, *Varity*

expressly explains that § 1132(a)(3) is a "catchall" provision that is not available "where

Congress elsewhere provided adequate relief for a beneficiary's injury," such as in § 1132(a)(1).

516 U.S. at 512, 515. Indeed, the plaintiff in *Tolson*, like Plaintiff, based his breach of fiduciary

duty claim on "alleged misrepresentation[s] in the terms of the [p]lans," 141 F.3d at 607, yet the

Fifth Circuit forbade the plaintiff from pursuing relief under 1132(a)(3) because he

simultaneously sought relief under 1132(a)(1). *Id*. at 610. Thus, even though Plaintiff might have

been able to obtain relief under § 1132(a)(3) for Defendants' alleged misrepresentations in the

absence of a viable claim under 1132(a)(1)(B), the fact that he has adequately pleaded a denial of

benefits claim in Count I precludes his breach of fiduciary duty claim. *Rhorer*, 181 F.3d at 638-

39; *Tolson*, 141 F.3d at 610.

  Moreover, it is not at all clear that Plaintiff's misrepresentation allegations are in any way

distinct from his denial of benefits claims. The gist of Plaintiff's misrepresentation allegations is

that Defendants owed him benefits, represented that such benefits were owed, and refused to

provide such benefits. *See* Pl.'s Am. Compl. ¶ 12. Because Count III is essentially a claim for

benefits denied, it is duplicative of Count I and therefore must be dismissed. *See Tolson*, 141

F.3d at 610.

Thus, the Court dismisses Count III as to all Defendants. The Court does not grant

Plaintiff leave to amend Count III because amendment would be futile. *See*, *e.g.*, *Energizer*, 2013

WL 1791373, at *4.

### 4.       Challenges to Count IV – Estoppel Claims

Count IV alleges that, "pursuant to equitable principles recognized under federal common

law, Defendants are estopped from denying Plaintiff's claim for disability benefits" under the

Plan. Pl.'s Am. Compl. ¶ 40. Aetna argues that Count IV, like Count III, must be dismissed as

duplicative. Aetna's Mot. 6-7. Energy Defendants, by contrast, argue that Plaintiff has pleaded

insufficient factual matter to support an estoppel claim. Energy Defendants' Mot. 5-6.

Although there are many varieties of estoppel under federal common law, each with their

own unique requirements, *see*, *e.g.*, Honorable Christopher Klein *et al.*, *Principles of Preclusion*

*and Estoppel in Bankruptcy Cases*, 79 AM. BANKR. L.J. 839, 839-67 (2005), Plaintiff does not

indicate which form of estoppel he is pursuing here. *See* Pl.'s Am. Compl. ¶¶ 39-40. The Court

presumes, as is most likely, that Plaintiff intends to plead the cause of action known as ERISA-

estoppel.[14]

The Fifth Circuit has relatively recently adopted ERISA-estoppel as a cognizable cause of

action. *High v. E-Systems Inc.*, 459 F.3d 573, 579 (5th Cir. 2006); *Mello v. Sara Lee Corp.*, 431

F.3d 440, 444 (5th Cir. 2005). To establish an ERISA-estoppel claim, a plaintiff must

demonstrate (1) a material misrepresentation; (2) reasonable and detrimental reliance upon such

---

[14] *See Gearlds*, 709 F.3d at 452 ("Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used.") (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)). If this is not the form of estoppel Plaintiff intended to plead, he is free to specify otherwise when amending his complaint.

representation; and (3) extraordinary circumstances. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 374 (5th Cir. 2008); *High*, 459 F.3d at 579; *Mello*, 431 F.3d at 444-45.

Aetna argues that Plaintiff's ERISA-estoppel claim must be dismissed because, like Plaintiff's breach of fiduciary duty claim, it is duplicative of his denial of benefits claim. Aetna's Mot. 6-7. This argument fails. Aetna has identified no cases in which a court dismissed an ERISA-estoppel claim because other relief was available, *see id.*, and the Court has found none. To the contrary, courts have analyzed both ERISA estoppel and denial of benefits claims without considering the possibility that the latter could preempt the former, *see Sanborn-Alder v. Cigna Grp. Ins.*, 771 F. Supp. 2d 713, 715, 719 (S.D. Tex. 2011); *Sullivan v. AT&T, Inc.*, Civil Action No. 3-08-CV-1089-M, 2010 WL 905567, at *2, 4-5 (N.D. Tex. Mar. 12, 2010), and  courts have suggested that the ERISA-estoppel "doctrine does not appear to be tied to the equitable relief provisions of § 1132(a)(3)" such that an ERISA-estoppel cause of action would only be cognizable in the absence of other statutory remedies.[15] *Khan v. Am. Int'l Grp., Inc.*, 654 F. Supp. 2d 617, 629 n.6 (S.D. Tex. 2009) (citing *Hughes*, 2007 WL 781951, at *6-7). Because Aetna does not challenge the factual sufficiency of Plaintiff's ERISA-estoppel claim against it, *see* Aetna's Mot. 5-6, Aetna's Motion is denied insofar as it seeks to dismiss Count IV against it.

Unlike Aetna, Energy Defendants do challenge the factual sufficiency of Count IV as pleaded against them. Energy Defs.' Mot. 5-6. The Court agrees that Plaintiff has failed to plead

---

[15] Indeed, the Fifth Circuit recognized the ERISA-estoppel cause of action pursuant to its authority "to develop a federal common law of rights and obligations under ERISA-regulated plans." *Mello*, 431 F.3d at 444 (quoting *Firestone*, 489 U.S. at 110) (internal quotation marks omitted). This could imply that the ERISA-estoppel doctrine is not predicated on any statutory cause of action at all, but is instead the product of courts filling the interstices of ERISA. *Cf.*, *Nichols*, 532 F.3d at 374-75 (analyzing an ERISA-estoppel claim separately from statutory causes of action). If this is correct, it might not make sense to import the limitations on causes of action under 1132(a)(2)-(3) into a common law doctrine that is, by definition, not subject to statutory restrictions. *See Mello*, 431 F.3d at 444 n.3 (describing sources of authority for the federal judiciary to create federal common law under ERISA).

allegations sufficient to support all elements of his cause of action against Energy Defendants. Namely, Plaintiff has failed to plead extraordinary circumstances. Although "the Fifth Circuit has not yet explained what constitutes extraordinary circumstances," *Belmonte v. Examination Mgmt. Servs., Inc.*, 730 F. Supp. 2d 603, 606 (N.D. Tex. 2010), the Fifth Circuit has favorably cited – and other district courts in the Fifth Circuit have regularly used – Third Circuit precedent as guidance. *E.g.*, *High*, 459 F.3d at 580 n.3 (citations omitted); *Belmonte*, 730 F. Supp. 2d at 606-07 (citations omitted); *Khan*, 654 F. Supp. 2d at 629-30 (citations omitted). Generally, extraordinary circumstances require one or more of the following:

(1) acts of bad faith;[16]

(2) attempts to actively conceal a significant change in the plan;[17]

(3) the commission of fraud;[18]

(4) circumstances where a plaintiff repeatedly and diligently inquired about benefits and was repeatedly misled;[19] or

(5) an especially vulnerable plaintiff.[20]

In the absence of these or similar circumstances, an ERISA-estoppel claim may not proceed. *Belmonte*, 730 F. Supp. 2d at 608-09; *Khan*, 654 F. Supp. 2d at 630.

The Amended Complaint does not contain factual allegations that would indicate the

---

[16] *Belmonte*, 730 F. Supp. 2d at 606 (citing *Burstein v. Ret. Account Plan for Emps. of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 383 (3d Cir. 2003)). *Accord, e.g., Khan*, 654 F. Supp. 2d at 629.

[17] *Belmonte*, 730 F. Supp. 2d at 606 (citing *Burstein*, 334 F.3d at 383). *Accord, e.g., Khan*, 654 F. Supp. 2d at 629.

[18] *Belmonte*, 730 F. Supp. 2d at 606 (citing *Burstein*, 334 F.3d at 383). *Accord, e.g., Khan*, 654 F. Supp. 2d at 629.

[19] *Belmonte*, 730 F. Supp. 2d at 606 (citing *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1553 (3d Cir. 1996)).

[20] *Id.* (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 238 (3d Cir. 1994)).

presence of these or comparable extraordinary circumstances. *See* Amended Complaint ¶¶ 29,

32-33, 36. Plaintiff does allege that Defendants did "not attempt[] in good faith to effectuate

prompt, fair and equitable settlement of claims submitted in which liability is reasonably clear,"

*id.* ¶ 36, but Plaintiff does not allege any affirmative acts of bad faith, concealment, or fraud.[21]

Nor does Plaintiff allege he is especially vulnerable. The mere failure to abide by plan terms or

to fulfill written or oral assurances does not constitute extraordinary circumstances, but a mere

failure of this sort is all Plaintiff alleges in the Amended Complaint. *See Sullivan v. Monsanto

Co.*, 615 F. Supp. 2d 469, 473 (E.D. La. 2009). Thus, the Court dismisses Count IV as to Energy

Defendants.

However, because amendment would not be futile in this instance, the Court grants

Plaintiff leave to amend. *See*, *e.g.*, *Energizer*, 2013 WL 1791373, at *4 (citing *Hart*, 199 F.3d at

248 n.6). Plaintiff may amend the Amended Complaint to plead extraordinary circumstances.

Plaintiff is also free to allege additional factual matter that would support the existence of a

material misrepresentation and detrimental and reasonable reliance, as the Court makes no

decision in this Order regarding the sufficiency of Plaintiff's allegations on the remaining

elements of ERISA-estoppel. *See*, *e.g.*, *Mello*, 431 F.3d at 445-47.

### C. Motion to Strike Request for Extracontractual and Punitive Damages

Plaintiff, in the Amended Complaint, "pleads for extracontractual damages, including but

not limited to consequential damages, incidental damages, damages for Plaintiff's loss of credit

and reputation, and damages for mental anguish in the past and into the future" against all

Defendants. Pl.'s Am. Compl. ¶ 44. Extracontractual damages are defined as "[d]amages that

---

[21] Indeed, at least some of such allegations would likely need to be pleaded with particularity. *See*
Fed. R. Civ. P. 9(b).

would give a beneficiary more than he or she is entitled to receive under the strict terms of the plan." *E.g.*, *Lawrence*, 837 F. Supp. at 786. Plaintiff also seeks punitive damages against all Defendants. Pl.'s Am. Compl. ¶ 45. Defendants argue that neither extracontractual nor punitive damages are available for causes of action under ERISA.

For the reasons stated in the Motion to Strike Order, which the Court will not reiterate here, the Court construes Defendants' motion to strike Plaintiff's request for extracontractual and punitive damages as a motion to dismiss under Rule 12(b)(6), rather than as a motion to strike under Rule 12(f). *See* Mot. to Strike Order 6-8.  The Court now analyzes whether extracontractual or punitive damages are available under each Count.

### 1.    Challenges to Count II - Disclosure violations under ERISA

#### a.    Plaintiff's 29 U.S.C. § 1132(c)(1) Claim

To reiterate, the Court has dismissed Plaintiff's § 1132(c)(1) claim against Energy Defendants with leave to amend, but has declined to dismiss Plaintiff's § 1132(c)(1) against Aetna. The Court now considers whether Plaintiff may ever pursue extracontractual or punitive damages against Energy Defendants or Aetna for violations of § 1132(c)(1), either now or following a subsequent amendment.

As noted above, § 1132(c)(1) provides that an entity that fails to timely comply with a qualified request "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." "[T]he penalties imposed pursuant to 29 U.S.C. § 1132(c) constitute in effect punitive damages." *Crotty v. Cook*, No. CIV 93–645 PHX ROS, 1999 WL 496403, at *10 (D. Ariz. Mar. 31, 1999). *Accord Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223 (11th Cir. 2002) ("The penalty under § 1132 is meant to be

in the nature of punitive damages, designed more for the purpose of punishing the violator than compensating the participant or beneficiary.") (citing *Sandlin v. Iron Workers Dist. Council Pension Plan*, 716 F. Supp. 571, 574 (N.D. Ala. 1988), *aff'd*, 884 F.2d 585 (11th Cir. 1989)); *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1034-35 (N.D. Cal. 1994); *Cohen v. Zarwin & Baum, P.C.*, No. CIV. A. 93-2145, 1993 WL 532963, at *2 (E.D. Pa. 1993); *Bouteiller v. Vulcan Iron Works, Inc.*, 834 F. Supp. 207, 215 (E.D. Mich. 1993); *Lesman v. Ransburg Corp.*, 719 F. Supp. 619, 622 (W.D. Mich. 1989), *aff'd*, 911 F.2d 732 (6th Cir. 1990).

Although the latter clause of 1132(c)(1) describing "other relief" could conceivably be read to authorize monetary damages above $100 per day where such relief would be warranted, courts have interpreted the "$100 a day" language as an upper limit to the monetary penalties a court may impose for violations of § 1132(c)(1). *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1495 (11th Cir. 1993) ("We therefore remand to the district court for the determination of an appropriate penalty *within the statutory range of up to $100 a day*." (emphasis added)); *Vargas v. Child Dev. Council of Franklin Cnty., Inc.*, 269 F. Supp. 2d 954, 957 (S.D. Ohio 2003) ("Congress has . . . clearly determined the extent to which punitive damages are available by enacting 29 U.S.C. § 1132(c)(1) . . . No other punitive damages are available."; *Boyadjian v. Cigna Cos.*, 973 F. Supp. 500, 506 (D.N.J. 1997) ("This amount is a ceiling, not a floor, on the penalty a court may impose."); *Wilson v. Pye*, No. 85 C 6341, 1986 WL 1027, at *5 (N.D. Ill. 1986) ("We believe that this specific statutory requirement to furnish information, accompanied by a specific, statutory damage of $100 a day, belies any intent on the part of Congress to permit additional money damages."); *Meyer v. Phillip Morris, Inc.*, 569 F. Supp. 1510, 1512 (E.D. Mo. 1983) ("*Meyer I*"). This is consistent with the Fifth Circuit's cautionary statements that district courts should not infer the availability of extracontractual or punitive damages in ERISA actions

27

in the absence of clear, unambiguous statutory text. *See*, *e.g.*, *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 930-32 (5th Cir. 1999); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 31-33 (5th Cir. 1993).[22] Moreover, "as a penalty provision, Section 1132(c) must be strictly construed" to not allow Plaintiff to recover extracontractual or punitive damages above those explicitly authorized. *Tracey v. Heublein, Inc.*, 772 F. Supp. 726, 729 (D. Conn. 1991) (citing *Ivan Allen Co. v. United States*, 422 U.S. 617, 626-27 (1975); *Fisher*, 895 F.2d at 1077)). "Thus, punitive damages in excess of the statutory penalty limit are not available in ERISA actions based on an administrator's refusal to supply information required by statute to be supplied." *Meyer I*, 569 F. Supp. at 1512.

Accordingly, the Court dismisses Plaintiff's request for extracontractual or punitive damages under § 1132(c)(1) as against both Defendants, but only to the extent such damages exceed the $100 a day statutory penalty. Plaintiff may still seek the relief expressly contemplated by § 1132(c)(1).

### b.      Plaintiff's §§ 1022(a) and 1024(b) Claims

As noted above, the Fifth Circuit views claims for extracontractual and punitive damages under ERISA with disfavor. *See*, *e.g.*, *Nero*, 167 F.3d at 930-32; *Medina*, 983 F.2d at 31-33.[23] Furthermore, courts have "conclude[d] that punitive damages are not available for violations of the 'automatic' duty provisions of" ERISA. *Meyer II*, 575 F. Supp. at 1236. Thus, insofar as Plaintiff seeks extracontractual and punitive damages for violations of §§ 1022(a) and 1024(b) in Count II, these damages are dismissed as to all Defendants.

---

[22] *But see Lawrence*, 837 F. Supp. at 789 ("Given what could be construed as the Fifth Circuit's implicit approval of Justice Brennan's approach [in his concurrence in *Russell*], this court cannot conclude that ERISA precludes the recovery of all extracontractual damages.").

[23] *But see Lawrence*, 837 F. Supp. at 789.

### 2.      Challenges to Count III – Breach of Fiduciary Duty Claims

Because the Court has dismissed Count III as to all Defendants without leave to amend, Plaintiff's request for extracontractual and/or punitive damages under Count III is also dismissed as to all Defendants. In any event, the Court doubts whether extracontractual or punitive damages are available for a breach of fiduciary duty claim under ERISA at all. *See*, *e.g.*, *Russell*, 473 U.S. at 148.

### 3.      Challenges to Count IV – ERISA-Estoppel Claims

Because the Court has declined to dismiss Count IV against Aetna, and has granted Plaintiff leave to amend Count IV against Energy Defendants, the Court assesses whether Plaintiff could obtain extracontractual or punitive damages against any Defendant pursuant to a well-pleaded ERISA-estoppel claim.

The ERISA-estoppel doctrine, at least in the Fifth Circuit, is of relatively recent vintage. *See Mello*, 431 F.3d at 444. Because courts in the Fifth Circuit have so far had few occasions to apply the doctrine, "[t]he contours of the newly recognized ERISA-estoppel remedy are 'murky.'" *Khan*, 654 F. Supp. 2d at 629 n.6.

Although, as described above, the Fifth Circuit does not typically recognize claims for extracontractual and punitive damages brought under ERISA's statutory provisions, it is unclear whether the limitations on ERISA's statutory remedies described above apply equally to the common law remedy of ERISA-estoppel.[24] The court has not found any Fifth Circuit case directly addressing this question, and the parties have identified none. *See* Aetna's Mot. 7-8; Energy Defendants' Mot. 6-7; Resp. 8-9; Reply 5. Case law from other jurisdictions is equivocal regarding the availability of extracontractual or punitive damages for an ERISA-estoppel cause

---

[24] *See supra* note 15.

of action. *See Kollman v. Hewitt Assocs., LLC*, No. Civ.A.03–2944, 2004 WL 1211961, at *4 n.2 (E.D. Pa. Apr. 14, 2004) ("Although there is case law suggesting, consistent with the historical definition of equitable relief, that an equitable estoppel claim under ERISA cannot include relief in the form of compensatory or punitive damages, there is also the view of the equitable remedy that front pay in lieu of reinstatement of a retired employee is appropriate.") (citing *DePace v. Matsushita Elec. Corp.*, 257 F. Supp. 2d 543, 565-66 (E.D.N.Y. 2003)). *Cf. Lawrence*, 837 F. Supp. at 789 ("Given what could be construed as the Fifth Circuit's implicit approval of Justice Brennan's approach [in his concurrence in *Russell*], this court cannot conclude that ERISA precludes the recovery of all extracontractual damages."). *But see Bartholet v. Reishauer A.G. (Zurich)*, No. 90 C6609, 1993 WL 475495, at *3-4 (N.D. Ill. Nov. 16, 1993) (citing *Harsch v. Eisenberg*, 956 F.2d 651, 654-55, 663-64 (7th Cir.), *cert. denied*, 506 U.S. 818 (1992)) (holding that plaintiff could not recover extracontractual or punitive damages where plaintiff brought promissory estoppel claim as a claim under 29 U.S.C. § 1132(a)(3)(B)). The Court cannot now conclude that Plaintiff is categorically barred from pursuing extracontractual and/or punitive damages in the context of an ERISA-estoppel claim, so Aetna's Motion and Energy Defendants' Motion are denied to that extent.

### D.      Motion to Strike Jury Demand

Plaintiff requests a trial by jury for Counts II-IV. Pl.'s Am. Compl. ¶ 48. Defendants argue that no right to a jury trial exists under ERISA. Aetna's Mot. 8, Energy Defendants' Mot. 7.

In the Motion to Strike Order, this Court concluded that it need not decide whether a motion to strike a jury demand is best evaluated under Federal Rule of Civil Procedure 12(b)(6), 12(f), or some other rule, because the question of whether a plaintiff is entitled to a jury trial may

30

be resolved as "a pure question of law." Mot. to Strike Order 10 (citing *City of El Paso, Tex. v. El Paso Entm't, Inc.*, 464 F. App'x 366, 370 (5th Cir. 2012); *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 F. App'x 322, 324 (5th Cir. 2011)). The Court utilizes the same approach to evaluate Defendants' request to strike the jury demand for Counts II-IV.

The Seventh Amendment of the United States Constitution preserves the right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. *See also* Fed. R. Civ. P. 38. There is typically no right to a jury trial for claims under ERISA, because ERISA claims generally sound in equity rather than in law. *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994) ("ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity. . . .We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial.") (citations omitted). *Accord, e.g.*, *MB Valuation Servs., Inc. v. Ins. Co. of N. Am.*, No. CIV. A. 3:96–CV–0892P, 1997 WL 642987, at *4-6 (N.D. Tex. Oct. 6, 1997). Nevertheless, the Fifth Circuit has arguably left open the possibility that an ERISA plaintiff could receive a jury trial for a claim predicated solely upon legal relief. *See Borst*, 36 F.3d at 1323-24.

### 1.    Challenges to Count II - Disclosure violations under ERISA

Plaintiff may not obtain a jury trial for Count II because relief under 29 U.S.C. §§ 1132(c), 1022(a), and 1024(b) "involves the furnishing of information; a form of relief for which there is no counterpart at common law." *Pane v. RCA Corp*., 868 F.2d 631, 636 (3d Cir. 1989). Thus, ERISA's disclosure requirements implicate equitable, rather than legal relief, for which Plaintiff is not entitled to a jury trial. *Pane*, 868 F.2d at 636-37; *Rittenhouse v. Prof'l Micro Sys., Inc.*, No. C–3–98–89, 1999 WL 33117263, at *18 (S.D. Ohio July 21, 1999); *Van Keppel v. Fly Ash Mgmt.*, No. Civ.A. 97–2681–KHV, 1998 WL 596726, at *2-3 (D. Kan. 1998); *Nobile v.*

31

*Pension Comm. of the Pension Plan for Employees of New Rochelle Hosp.*, 611 F. Supp. 725, 727-28 (S.D.N.Y. 1985).

The fact that § 1132(c) authorizes the court to impose a monetary penalty for violations does not alter this conclusion. "The mere fact that [an ERISA plaintiff] would receive a monetary award if he [or she] prevailed does not compel the conclusion that he [or she] is entitled to a jury trial." *Calamia v. Spivey*, 632 F.2d 1235, 1236-37 (5th Cir. 1980) (citations omitted). Section 1132(c)'s "penalty provision is entirely ancillary to the informational purpose of the subsection. Its purpose is similar to that of a coercive civil contempt penalty. Its application, consistent with that purpose, is discretionary with the court." *Pane*, 868 F.2d at 636. As a result, Count II implicates only equitable relief, so the Court rejects Plaintiff's demand for a jury on that Count.

### 2.      Challenges to Count III – Breach of Fiduciary Duty Claims

Having dismissed Count III against all Defendants without leave to amend, the Court strikes Plaintiff's jury demand as to Count III. The Court doubts whether an ERISA plaintiff may obtain a jury trial for a breach of fiduciary duty claim in any event. *See*, *e.g.*, *Borst*, 36 F.3d at 1323-24.

### 3.      Challenges to Count IV – ERISA-Estoppel

Because the Court has declined to dismiss Count IV against Aetna, and has granted Plaintiff leave to amend Count IV against Energy Defendants, the Court assesses whether Plaintiff could obtain a jury trial pursuant to a well-pleaded ERISA-estoppel claim.

At least one District Court in the Fifth Circuit has ruled that a jury trial is not available for ERISA-estoppel claims. *Mello v. Sara Lee Corp.*, 292 F. Supp. 2d 902, 905-07 (N.D. Miss. 2003). The Court concurs with this conclusion because estoppel doctrines originated in equity rather than law. *See*, *e.g.*, Douglas Laycock, *The Triumph of Equity*, 56-SUM Law & Contemp.

Probs. 53, 70 (1993). The Court therefore strikes Plaintiff's jury demand as to Count IV.

## III.    CONCLUSION

It is therefore **ORDERED** that Aetna's Motion, ECF No. 12, is **GRANTED** in part and **DENIED** in part. Aetna's Motion is **GRANTED** insofar as it seeks to dismiss Count III against it.

**IT IS FURTHER ORDERED** that Aetna's Motion is **GRANTED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages for Count II, but only to the extent that Plaintiff seeks damages above the $100 per day penalty authorized by 29 U.S.C. § 1132(c).

**IT IS FURTHER ORDERED** that Aetna's Motion is **GRANTED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages for Count III.

**IT IS FURTHER ORDERED** that Aetna's Motion is **GRANTED** insofar as it seeks to strike Plaintiff's jury demand as to Counts II-IV.

**IT IS FURTHER ORDERED** that Aetna's Motion is **DENIED** insofar as it seeks to dismiss Count II against it.

**IT IS FURTHER ORDERED** that Aetna's Motion is **DENIED** to the extent that it would prevent Plaintiff from pursuing the $100 per day penalty authorized by 29 U.S.C. § 1132(c) in Count II.

**IT IS FURTHER ORDERED** that Aetna's Motion is **DENIED** insofar as it seeks to dismiss Count IV against it.

**IT IS FURTHER ORDERED** that Aetna's Motion is **DENIED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages under Count IV.

**IT IS FURTHER ORDERED** that Energy Defendants' Motion, ECF No. 13, is

**GRANTED** in part and **DENIED** in part. Energy Defendants' Motion is **GRANTED** insofar as it seeks to dismiss Plaintiff's claim under 29 U.S.C. § 1132(c)(1) against Energy Defendants.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **GRANTED** insofar as it seeks to dismiss Count III against Energy Defendants.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **GRANTED** insofar as it seeks to dismiss Count IV against Energy Defendants.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **GRANTED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages for Count II, but only to the extent that Plaintiff seeks damages above the $100 per day penalty authorized by 29 U.S.C. § 1132(c).

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **GRANTED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages for Count III.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **GRANTED** insofar as it seeks to strike Plaintiff's jury demand as to Counts II-IV.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **DENIED** insofar as it seeks to dismiss Plaintiff's 29 U.S.C. §§ 1022(a) and 1024(b) against Energy Defendants.

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **DENIED** to the extent that it would prevent Plaintiff from pursuing the $100 per day penalty authorized by 29 U.S.C. § 1132(c) in Count II. It is further

 **IT IS FURTHER ORDERED** that Energy Defendants' Motion is **DENIED** insofar as it seeks to dismiss Plaintiff's request for extracontractual and punitive damages under Count IV.

 **IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Amended Complaint in a manner not inconsistent with this Order and the Court's recently amended

34

Scheduling Order.

**SO ORDERED**.

**SIGNED this 27th day of September, 2013.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE